LUCAS E. MOORE STAVE CO. v. M. MOSSON CO. (three cases).

(Supreme Court, Appellate Term.   February 7, 1908.)

SALE—ACTION FOR PRICE—CONTRACT—CONDITIONS PRECEDENT.

Code Civ. Proc. § 533, provides that, if an allegation of performance of a condition precedent in a contract is controverted, the party making the allegation must on the trial establish performance.   In an action to recover the price of lumber, which was to be of a certain grade, plaintiff alleged that he performed all the conditions of the contract and duly delivered the lumber, but defendant claimed that the lumber was not of the agreed grade.   Plaintiff introduced no evidence that the lumber was of the agreed grade, but relied on an acceptance or waiver by defendant. *Held* that plaintiff could not recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1025–1043.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Three actions by the Lucas E. Moore Stave Company against the M. Mosson Company. From judgments for plaintiff, defendant appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, and GERARD, JJ.

Clark & McDivitt (Charles C. Clark, of counsel), for appellant.
Conway & Williams, for respondent.

GERARD, J. These three actions were tried together. They were brought to recover the value of three car loads of lumber sold by plaintiff to defendant. The court, trying the cases without a jury, rendered a verdict for plaintiff in each case. The pleadings were written. The complaint in each case contains the following allegation:

"That thereafter, and on or about the 28th day of June, 1907, plaintiff duly performed all the conditions of contract and duly delivered said lumber to defendant."

The lumber sold was to be of a certain grade or kind. Defendant claims that it was not of this grade or kind. The plaintiff introduced no evidence whatever to prove that the lumber which it claimed to deliver was of the kind and grade specified in the contract of sale. Plaintiff relied upon a so-called acceptance or waiver by defendant. Construing section 533 of the Code of Civil Procedure, the courts of this state have held that, where a complaint alleges performance of a contract, plaintiff cannot excuse nonperformance and recover because a strict compliance with the obligations of the contract has been either waived or prevented by the defendant. La Chicotte v. Richmond Railway & Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75. Plaintiff alleged in its complaint performance of the contract, and at the trial endeavored to prove a waiver by defendant of the performance of the letter of the contract.

Judgments in the three actions should be reversed, and new trials ordered, with costs to appellant to abide the event. All concur.